# STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Vermont Unit                                              Docket No. 42-3-11 Vtec

| Saxon Hill Corp. Sand Extraction Application |
| --- |

## ENTRY REGARDING MOTION

Title:          Motion for Interlocutory Appeal (Motion 7)
Filer:          Saxon Hill Corporation
Attorney:       Carl H. Lisman
Filed Date:     October 24, 2014

Response in Opposition filed on 11/10/2014 by Attorney William F. Ellis for Town of Essex

**The motion is DENIED.**

Saxon Hill Corporation ("Applicant") seeks to establish a sand extraction operation on approximately 54 acres of land in the Town of Essex, Vermont ("the Town") and applied for a permit with the Town of Essex Planning Commission ("the Commission") as required by the applicable provisions of the Town of Essex Zoning Regulations ("Regulations"). The Commission denied the application in a written decision dated February 24, 2011. Applicant timely appealed the denial of its application. On October 27, 2011 Applicant moved for summary judgment and the parties agreed to extend the deadline for the Town's response to that motion while Applicant and the Town engaged in mediation and other efforts to resolve the matter outside of this court proceeding. The parties subsequently filed a stipulated motion to place this appeal on inactive status while they attempted to resolve the matter, which this Court granted on October 2, 2012. Having been unsuccessful in their efforts at resolution, the Court returned this appeal to active status and, following the Town's response to the motion for summary judgment and Applicant's reply to that response, the Court denied Applicant's motion for summary judgment on September 17, 2014.

Applicant now requests permission to file an interlocutory appeal of that decision with the Vermont Supreme Court, specifically with regards to whether Table 2.14 and Article 5.6(A) of the Regulations and § 7.4 of the Town Plan provide adequate standards to guide the exercise of discretion of the Commission and this Court and are therefore constitutional. The Town opposes the motion on the grounds that it is untimely and fails to comply with Rule 5 of the Vermont Rules of Appellate Procedure (V.R.A.P.).

Rule 5 governs appeals before final judgment, providing that on a motion by a party the trial court "must permit an appeal from an interlocutory order or ruling if the court finds that: (A) the order or ruling involves a controlling question of law about which there exists

substantial ground for difference of opinion; and (B) an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b)(1).

As a primary matter, we note that a motion for an interlocutory appeal must be filed within 10 days after entry of the order or ruling appealed from. V.R.A.P. 5(b)(5)(A). Applicant seeks permission to file an interlocutory appeal from this Court's September 17, 2014 decision, leaving the pending motion, filed on October 24, 2014, well outside the 10-day window allocated by the rules. While the Applicant's motion was untimely filed, we have nonetheless considered the legal arguments contained therein in light of our decision to deny the appeal.

It is rarely appropriate to grant a request for an interlocutory appeal, however, as such appeals force our Supreme Court to decide "legal questions in a vacuum, without benefit of factual findings" and "impair [the Supreme] Court's basic functions of correctly interpreting the law and providing justice for all litigants." In re Pyramid Co. of Burlington, 141 Vt. 294, 301 (1982). Nonetheless, under V.R.A.P. 5(b), a party is entitled to receive permission to appeal an interlocutory order if this Court concludes that: (1) the order "involves a controlling question of law;" (2) the question of law is one in which "there is substantial ground for difference of opinion;" and (3) "an immediate appeal may materially advance the termination of the litigation." The failure to satisfy any one of these three criteria renders an interlocutory appeal inappropriate. See id. at 302.

We conclude that an interlocutory appeal here will not materially advance this litigation towards its ultimate completion. An interlocutory appeal is inappropriate when it results in "piecemeal appeals and the attendant delay of [the pending] litigation." Id. We have reviewed again the facts that Applicant put forward in support of their motion for summary judgment, and we continue to believe that those facts are insufficient to support their argument that the relevant provisions of the Regulations and Town of Essex Town Plan ("Town Plan") are without sufficient standards.

Applicant seeks a permit for certain development. The decision of whether Applicant is entitled to such a permit is likely to be appealed as well. Once this Court renders its decision regarding Applicant's permit application, either party will be entitled to file an appeal of that decision. For the sake of judicial efficiency, all issues, including those legal determinations made in the decision on Applicant's motion for summary judgment as well as the decision on the merits could be presented to the Supreme Court at one time. Even if Applicant were to persuade the Supreme Court that some or all of the Regulations are unconstitutionally vague, without a factual record describing the proposed development and its impacts, the Supreme Court could not determine whether Applicant is entitled to a permit. Therefore, an interlocutory appeal on this limited legal question would not advance the termination of the litigation but would instead cause significant delay and result in a piecemeal appeal.

Because we conclude that an interlocutory appeal of whether provisions of the Regulations and Town Plan provide adequate standards to guide the exercise of discretion of the Commission and this Court and are therefore constitutional will not materially advance the termination of the litigation, the motion to take an interlocutory appeal on that issue is **DENIED**.

Electronically signed on February 09, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Carl H. Lisman (ERN 3882), Attorney for Appellant Saxon Hill Corporation
William F. Ellis (ERN 3412), Attorney for Appellee Town of Essex